# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| DIOGO FLEURY LOBO, CASSANDRA LOBO, <br><br> Plaintiffs, <br><br> v. <br><br> KLOPFENSTINE CONSTRUCTION, INC., <br><br> Defendant. | Case No. 5:18-06133-CV-RK |

## ORDER DENYING MOTION TO STAY DEADLINES AND GRANTING ENLARGEMENT OF TIME

Before the Court is Plaintiffs' Motion to Stay Litigation Deadlines Pending Ruling on Plaintiff's Motion for Remand ("Motion to Stay"). (Doc. 8.) Plaintiffs filed this action in state court alleging that the house they purchased leaks, that it now has cracks in the interior walls and foundation, and that water pools in the yard. (Doc. 1-1.) The Complaint alleges six counts against Defendant and seeks actual damages, punitive damages, and attorneys' fees. (*Id.*) Defendant removed the case to this Court, answered the Complaint, and filed motions for a more definite statement and to dismiss certain counts of the Complaint. (Docs. 1, 4, 5, 6.) Following removal, the Court issued its Rule 16 Notice, which requires the parties to conduct a planning conference on or before October 6, 2018 and submit a proposed scheduling order on or before October 20, 2018. (Doc. 3.)

Plaintiffs have moved to remand the case to state court, arguing that the Court lacks subject-matter jurisdiction because the $75,000 amount-in-controversy is not met. (Doc. 7.) Plaintiffs also filed the present Motion to Stay seeking (1) to stay all deadlines in the case pending the Court's ruling on their motion to remand, or (2) in the alternative, an enlargement of time to respond to Defendant's motions. (Doc. 8.) Defendant filed suggestions in opposition. (Docs. 9, 10.) Defendant opposes a stay but does not oppose Plaintiffs' request for an enlargement of time. (Doc. 10 at 4-5.) After careful consideration, the Motion to Stay is **GRANTED in part** and **DENIED in part**. In particular, the request for a stay is **DENIED**, and the request for a 30-day enlargement of time is **GRANTED**.

**Discussion**

Plaintiffs argue that requiring them "to respond to Defendant's motions and requiring the parties to conduct Rule 16 and 26 activities while awaiting remand is contrary to the principles of judicial economy and preserving the parties' resources." (Doc. 8 at 3.)

The Court has discretion to grant or deny a stay "'in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.'" *Curry v. Pleasurecraft Marine Engine Co.*, No. 13-03139-CV-S-GAF, 2013 WL 12205046, at *1 (W.D. Mo. May 28, 2013) (quoting *Webb v. R. Rowland & Co.*, 800 F.2d 803, 808 (8th Cir. 1986)). "Whether the Court has subject-matter jurisdiction should be addressed before the Court decides the merits of Plaintiff's Petition." *Id.* However, good cause must be shown to obtain a stay pending a ruling on a motion to remand. *Id.* The filing of a motion to remand by itself is not enough for a stay. *Ereth v. GMRI, Inc.*, No. 17-0694-CV-W-FJG, 2017 WL 6316645, at *3 (W.D. Mo. Dec. 11, 2017) ("[S]uch stays are not the practice of this division . . . .") A stay is extraordinary relief, and the requesting party "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-CV-00005-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (reciting the factors considered for a stay of discovery pending the Court's ruling on a motion to dismiss, including the "likelihood of success on the underlying motion").

Here, the Court finds that Plaintiffs have not carried their burden of showing that a stay is necessary in these circumstances. After reviewing the notice of removal, the Complaint, and the pending motions, the Court cannot conclude that Plaintiffs' motion to remand is so obviously likely to prevail that a stay is necessary. Furthermore, as to preserving the parties' resources, it does not appear Plaintiffs will suffer substantial hardship from briefing the motions for a more definite statement and to dismiss in this Court. Even if the Court were to grant the motion to remand, Defendant could still continue to press the same theories in state court. As to judicial economy, Defendant does not seek to dismiss the whole case, and staying deadlines could stall progress in the case unnecessarily. Therefore, the relevant factors and particular circumstances of this case do not weigh in favor of a stay.

The Court observes, however, that Plaintiffs timely moved to stay briefing prior to their deadlines to respond to Defendant's motions for a more definite statement and to dismiss certain

counts.  The Court finds good cause to allow the requested 30-day enlargement of time to respond to those motions.

## Conclusion

After careful consideration, the Court **ORDERS** follows:

1) Plaintiffs' Motion to Stay is **GRANTED in part** and **DENIED in part**. (Doc. 8.)  In particular, the request for a stay is **DENIED**, and the request for a 30-day enlargement of time to respond to Defendant's motions is **GRANTED**.

2) Plaintiffs shall respond to Defendant's motions for a more definite statement (doc. 4) and to dismiss certain counts (doc. 5) on or before October 26, 2018.

**IT IS SO ORDERED.**

                                         s/ Roseann A. Ketchmark
                                         ROSEANN A. KETCHMARK, JUDGE
                                         UNITED STATES DISTRICT COURT

DATED:  October 9, 2018